IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

BRAZZIE BRYANT,

      Plaintiff,

v.                           Case No. 2:18-cv-01233

PAROLE OFFICE OF KANAWHA COUNTY,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 15, 2018, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A.[1]  This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.

* * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are

---

[1] The plaintiff is a prisoner who also seeks to proceed *in forma pauperis*.  Thus, both of these statutory provisions are applicable in this case.

no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendant has not been served with process and should not be required to appear or defend this matter.

## THE PLAINTIFF'S ALLEGATIONS

The plaintiff's Complaint asserts as follows:

The Parole Board released me on Jan. 21, 2017 and instead of the Parole Office in this county calling me in to sign my papers that day, they waited 3 days on Jan. 24, 2017 came to my apartment and violated me for 30 days knowing that the Parole Board had released me days before. * * * I would like the court to order them to pay me for every day I served incarcerated illegally.

(ECF No. 2 at 4-5).

## ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render imprisonment invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983. "*Heck* is equally applicable to challenges to incarceration

from parole violations." *Jackson v. City of Flint*, No. 09-11438, 2011 WL 3566418, at *5 (E.D. Mich. Aug. 12, 2011); *see also Miskowski v. Martin*, 57 F. App'x 256, 248 (6th Cir. 2003); *Munofo v. Alexander*, 47 F. App'x 329, 330-31 (6th Cir. 2002).

In the instant case, the plaintiff seeks monetary damages based upon his conclusory allegation of improper incarceration on a parole violation. However, he has not demonstrated that his alleged parole violation has been invalidated. Therefore, because the plaintiff's Complaint seeks damages in a section 1983 suit and, because it appears that his allegations bear on the validity of his parole status, he may not seek damages under section 1983 unless and until he can show that his parole violation has been invalidated. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendant is barred under *Heck*.

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint (ECF No. 2) fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

November 27, 2019

Dwane L. Tinsley
United States Magistrate Judge